# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STACIE RAY, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) Case No. 2:18-cv-00272 |
| v. | ) ) |
| LANCE HIMES, *et al.*, | ) ) Judge: Michael Watson ) ) Magistrate Judge: Chelsey Vascura |
| Defendants. | ) ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' EMERGENCY MOTION FOR INTERIM STAY

### INTRODUCTION

A stay is ordinarily not granted, and should not be granted, simply because a party has filed a motion to dismiss. And an interim stay, based on the pendency of the meritless stay motion, is equally meritless. This case presents no reason to deviate from the normal practice, especially because Defendants have already delayed this case's progression at every turn.

The Complaint was filed on March 29, 2018. At Defendants' request, Plaintiffs agreed to a twenty-one day extension (ECF No. 12), and then later an additional seventeen-day extension (ECF No. 16), for Defendants to respond to the Complaint. At the pretrial conference call on July 18, Defendants demanded a year-long discovery period for a case that they now concede is "primarily legal in nature[.]" (ECF No. 22 at 2.) In the meantime, they have refused to agree to exchange initial disclosures. (ECF No. 19 at 2.) And now they wish to stay discovery entirely.

Defendants' Emergency Motion for Interim Stay (ECF No. 22, the "Motion"), the latest iteration of this delay strategy, is legally and factually baseless. The Motion relies on Defendants' assumptions that its pending Motion to Stay (ECF No. 21) and Motion to Dismiss

(ECF No. 18) will be granted. Yet, as this Court already noted during the pretrial conference call, stays of discovery pending resolution of a Rule 12(b)(6) motion are disfavored and highly unusual in this district. Defendants point to no special circumstances that would justify making an exception here, aside from Defendants' own belief in the merits of their Motion to Dismiss. Under this district's precedent, that is not a relevant consideration for a stay.

Since Defendants' request for a longer-term stay is meritless, the interim stay would serve no purpose. Further, Defendants have failed to meet their burden to show that Plaintiffs will not be harmed by further delay. The Motion should be denied.

## **LAW AND ARGUMENT**

As a general matter, courts are cautioned to "tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 U.S. Dist. LEXIS 25358, at *7 (S.D. Ohio Oct. 24, 2005) (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977)). To be entitled to a stay, a movant must demonstrate both (1) a need for delay and (2) that neither the nonmoving party nor the public will suffer harm from the stay. *Dummen Na, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-cv-00709, 2017 U.S. Dist. LEXIS 217181, at *5 (S.D. Ohio May 3, 2017). As discussed below, Defendants have shown neither.

### I. DEFENDANTS HAVE FAILED TO DEMONSTRATE ANY NEED FOR AN INTERIM STAY.

"[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 U.S. Dist. LEXIS 98934, at *3 (S.D. Ohio Sept. 7, 2010). As this Court has explained, to stay discovery on the basis of a pending motion to dismiss "would require the court to make a preliminary finding of

2

the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion." *Boddie v. PNC Bank, NA*, No. 2:12-cv-158, 2012 U.S. Dist. LEXIS 132195, at *4-5 (S.D. Ohio Sept. 17, 2012) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). For that reason, "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams*, 2010 U.S. Dist. LEXIS 98934, at *5.

Defendants have offered nothing to distinguish their pending Motion to Dismiss from just such a garden-variety motion. Judicial economy and party resources—Defendants' primary bases for seeking an interim stay—are no more at stake here than in any other action. *See, e.g.*, *Dummen Na, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-cv-00709, 2017 U.S. Dist. LEXIS 217181, at *2-4 (S.D. Ohio May 3, 2017) (rejecting a stay requested on the basis of "judicial economy"). Defendants contend that discovery is unnecessary because they believe that their Motion to Dismiss is likely to succeed. It is well settled in this Court, however, that a party's own perception of the strength of its dispositive motion is irrelevant to the issue of whether to grant a stay. *See, e.g.*, *Dummen*, 2017 U.S. Dist. LEXIS 217181, at *4 ("it is unpersuasive for a party to rely on the strength of the motion to dismiss in moving for a motion to stay, unless the complaint is clearly frivolous") (internal citations omitted); *Ashland Hosp. Corp. v. RLI Ins. Co.*, No. 0:13-143-DLB, 2014 U.S. Dist. LEXIS 168873, at *8 (E.D. Ky. Dec. 5, 2014) (similar).

Defendants offer no precedent to suggest that an interim stay should be treated as automatic simply because Defendants have requested a longer stay. Since the underlying motion for a longer stay is baseless, an interim stay premised on it is equally baseless. *See, e.g.*, *Nationwide Recovery, Inc. v. City of Detroit*, No. 17-cv-12378, 2017 U.S. Dist. LEXIS 200549, at *6 (E.D. Mich. Dec. 6, 2017) (denying interim stay as moot where motion to stay was

meritless). Defendants' Motion should be denied. *See Ferrell*, 2005 U.S. Dist. LEXIS 25358, at *7.

## II. THE DELAY CAUSED BY AN INTERIM STAY WILL HARM THE PLAINTIFFS.

As to prejudice, the Motion offers only Defendants' conclusory assertion that it is "unlikely that Plaintiffs will suffer any prejudice" from the requested interim delay. (ECF No. 22 at 4.) That is inadequate to meet Defendants' burden. Plaintiffs and other members of the public who are similarly situated will suffer serious ongoing harm during any delay in adjudicating their rights. (*E.g.*, ECF No. 1 at ¶¶ 54 (workplace harassment), 55, 85-87, 98 (public humiliation and hostility), 74 (unnecessary expense).) Plaintiffs' allegations suffice to show prejudice. *E.g.*, *Nationwide Recovery, Inc.*, 2017 U.S. Dist. LEXIS 200549, at *6 (denying interim stay pending a motion to stay, where plaintiffs would continue suffering reputational harm and lost profits); *Dummen*, 2017 U.S. Dist. LEXIS 217181, at *5 (ongoing patent infringement sufficient to show prejudice from a stay). The threat to Plaintiffs' constitutional rights amplifies the need for expedience. *E.g., Ohio State Conference of N.A.A.C.P. v. Husted*, 786 F.3d 524, 560 (6th Cir. 2014) (upholding preliminary relief because "when constitutional rights are threatened or impaired, irreparable injury is presumed."). And "the public is always served when an individual's injuries are remedied in a timely manner." *Lenoir v. Ohio Dep't of Rehab. and Corr.*, No. 1:17-cv-586, 2018 WL 3057720, at *2 (S.D. Ohio June 20, 2018) (internal citation omitted) (denying state's motion to stay in civil rights claim).

What Defendants predict would be an approximately-45-day stay, and characterize as "short," (ECF No. 22 at 4) will result in tangible harm to Plaintiffs and to the public – harm that will only be compounded if Defendants' continued delays ultimately lead them to seek an otherwise unnecessary extension of discovery and the case schedule. Up until this point,

Plaintiffs have acquiesced to Defendants' requests for extensions as a matter of professional courtesy. Defendants' continued attempts to stall this action, however, threaten Plaintiffs' right to a prompt resolution. As an interim stay is unnecessary and harmful to Plaintiffs, who are suffering real injury on an ongoing basis, Defendants' request should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Emergency Motion for Interim Stay should be denied.

Dated this 27th day of July, 2018.

Respectfully submitted,

*/s/ Freda Levenson*

| | |
|---|---|
| Kara Ingelhart* (Illinois Bar No. 6321949) | Freda Levenson, Trial Attorney (0045916) |
| Lambda Legal Defense and Education Fund, Inc. | Susan Becker (0010205) |
| 105 W. Adams St., 26th Fl. | Elizabeth Bonham (0093733) |
| Chicago, IL 60603 | ACLU of Ohio |
| Telephone: (312) 663-4413 | 4506 Chester Ave. |
| Facsimile: (312) 663-4307 | Cleveland, OH 44103 |
| Email: kingelhart@lambdalegal.org | Phone: 216-472-2220 |
| | Facsimile: 216-472-2210 |
| | Email: flevenson@acluohio.org |
| Peter C. Renn* (California Bar No. 247633) | Email: sbecker@acluohio.org |
| Lambda Legal Defense and Education Fund, Inc. | Email: ebonham@acluohio.org |
| 4221 Wilshire Blvd., Suite 280 | John Knight* (Illinois Bar No. 6201433) |
| Los Angeles, CA 90010 | American Civil Liberties Union of Illinois |
| Telephone: (213) 382-7600 | 180 N. Michigan Ave., Suite 2300 |
| Facsimile: (213) 351-6050 | Chicago, IL 60601 |
| Email: prenn@lambdalegal.org | Telephone: (312) 201-9740 |
| | Facsimile: (312) 288-5225 |
| David J. Carey (0088787) | Email: jknight@aclu-il.org |
| Thompson Hine LLP | |
| 41 S. High St., Ste. 1700 | Gabriel Arkles* (New York Bar No. 4391918) |
| Columbus, OH 43215 | American Civil Liberties Union Foundation |
| Telephone: (614) 469-3200 | 125 Broad St. |
| Facsimile: (614) 469-3361 | New York, NY 10004 |
| Email: David.Carey@thompsonhine.com | Telephone: (212) 549-2569 |

        Facsimile:    (212) 549-2650
        Email: garkles@aclu.org

*Attorneys for Plaintiffs*
*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I electronically filed the foregoing with the Clerk of the Court for the for the U.S. District Court for the Southern District of Ohio using the CM/ECF system and a copy was made available electronically to all electronic filing participants.

Dated this 27th day of July, 2018.

Respectfully submitted,

*/s/ Freda Levenson*

| | |
|---|---|
| Kara Ingelhart* (Illinois Bar No. 6321949)<br>Lambda Legal Defense and Education Fund, Inc.<br>105 W. Adams St., 26th Fl.<br>Chicago, IL 60603<br>Telephone: (312) 663-4413<br>Facsimile: (312) 663-4307<br>Email: kingelhart@lambdalegal.org | Freda Levenson, Trial Attorney (0045916)<br>Susan Becker (0010205)<br>Elizabeth Bonham (0093733)<br>ACLU of Ohio<br>4506 Chester Ave.<br>Cleveland, OH 44103<br>Phone: 216-472-2220<br>Facsimile: 216-472-2210<br>Email: flevenson@acluohio.org<br>Email: sbecker@acluohio.org<br>Email: ebonham@acluohio.org |
| Peter C. Renn* (California Bar No. 247633)<br>Lambda Legal Defense and Education Fund, Inc.<br>4221 Wilshire Blvd., Suite 280<br>Los Angeles, CA 90010<br>Telephone: (213) 382-7600<br>Facsimile: (213) 351-6050<br>Email: prenn@lambdalegal.org | John Knight* (Illinois Bar No. 6201433)<br>American Civil Liberties Union of Illinois<br>180 N. Michigan Ave., Suite 2300<br>Chicago, IL 60601<br>Telephone: (312) 201-9740<br>Facsimile: (312) 288-5225<br>Email: jknight@aclu-il.org |
| David J. Carey (0088787)<br>Thompson Hine LLP<br>41 S. High St., Ste. 1700<br>Columbus, OH 43215<br>Telephone: (614) 469-3200<br>Facsimile: (614) 469-3361<br>Email: David.Carey@thompsonhine.com | Gabriel Arkles* (New York Bar No. 4391918)<br>American Civil Liberties Union Foundation<br>125 Broad St.<br>New York, NY 10004<br>Telephone: (212) 549-2569<br>Facsimile: (212) 549-2650<br>Email: garkles@aclu.org |