IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STACIE RAY, et al. | ) | CASE NO.:  2:18-cv-00272-MHW-CMV |
| | ) | |
| Plaintiffs, | ) | JUDGE MICHAEL WATSON |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE CHELSEY |
| | ) | VASCURA |
| LANCE HIMES, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO STAY DISCOVERY**

**I.     INTRODUCTION**

Defendants' Motion to Stay Discovery (the "Motion") seeks a brief stay of discovery while the Court considers Defendants' Motion to Dismiss (Doc. 18).  Defendants filed the Motion in the interest of judicial economy, to limit potentially unnecessary discovery, and to preserve taxpayer funds.  Moreover, the issues before the Court in Defendants' Motion to Dismiss are legal and will determine the need for fact discovery, if any.

In response to the Motion, Plaintiffs argue that Defendants are not entitled to a stay—even a brief one—because they already have unnecessarily delayed proceedings.  *See* Doc. 27 at 1.  That is simply not the case.  As the Court knows, reasonable pleading extensions are requested and granted in the ordinary course of litigation.  Indeed, Plaintiffs did not oppose Defendants' requested extension to respond to the Complaint, and this Court granted the extension in its July 6, 2018 Order.  *See* Doc 16.  Further, Plaintiffs accuse Defendants of causing delay by "refus[ing] to even exchange initial disclosures." Doc. 27 at 1.  That contention, however, ignores this Court's August 2, 2018 Order staying discovery and initial disclosures pending the resolution of the Motion.  *See* Doc. 26.  Finally, while Plaintiffs allege that Defendants have caused delay by

1

"demand[in] a year-long discovery period," they again ignore this Court's scheduling order setting the discovery deadline of June 1, 2019, which was set after a thorough discussion with counsel for all parties. *See* Doc. 27 at 1; Doc. 20 at 3.

Defendants' requests have been reasonable, in the ordinary course of litigation, and in complete compliance with this Court's orders and therefore should not serve as the basis upon which to deny the Motion. Defendants' request for a stay of discovery is limited, and it is sought only until this Court rules on the Defendants' Motion to Dismiss.

Plaintiffs' opposition fails to justify a denial of the limited relief sought in the Motion, and this Court should grant a stay of discovery pending its review of Defendants' Motion to Dismiss.

## II. ARGUMENT

### A. This Court Should Stay Discovery Because All of Plaintiffs' Claims May Be Dismissed on Legal Determinations.

Trial courts have broad discretion in staying discovery until preliminary, dispositive questions are determined, and, in making such decisions, courts should consider the facts and circumstances of each case. *See, e.g.*, *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."); *Kareem v. JPMorgan Chase Bank, N.A.*, No. 15-4387, 2016 U.S. App. LEXIS 23902 (6th Cir. 2016) ("A court has the discretion to stay discovery until questions that may dispose of the case, including a motion to dismiss for failure to state a claim, are determined."); *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). In *Hahn*, the Sixth Circuit upheld a district court's decision to stay

discovery pending resolution of the motion to dismiss and summary judgment on the basis that the party seeking discovery could not show that the facts they allegedly needed to discover bore any relevance to the dispositive legal issues in question. *Id*. at 719-20. "Because the information they were seeking would not have salvaged their claims, substantial prejudice did not result from the district court's limitation on discovery." *Id*. at 720.

Stays on discovery "are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quotations omitted); *see also Muzquiz v. W.A. Foote Mem. Hosp.*, 70 F.3d 422, 430 (6th Cir. 1995). In *Muzquiz*, the plaintiff claimed that "he was prejudiced because his breach of contract claim, antitrust claim, and § 1983 claim were dismissed without his being allowed 'meaningful discovery.'" *Id*. The Sixth Circuit disagreed and upheld the district court's limitations on discovery because dismissal of the plaintiff's claims was based on "legal determinations that could not have been altered by any further discovery." *Id*.

As in *Muzquiz*, this Court should grant the Motion and enter an Order staying discovery until Defendants' Motion to Dismiss is resolved. Shortly before Defendants filed the Motion (and before this Court even held the Rule 16 Scheduling Conference), Plaintiffs served extensive discovery requests. Yet Plaintiffs' constitutional claims are legal. As fully briefed in Defendants' Motion to Dismiss, Plaintiffs' Complaint is legally deficient because as a matter of law (1) identification of a child's sex at birth on birth certificates does not constitute government-compelled speech; (2) Ohio's birth certificates are public records and, as such, cannot form the basis for an informational privacy claim; and (3) the challenged law is facially neutral and Plaintiffs have not plausibly alleged discriminatory intent. *See* Doc. 18 at 2. Plaintiffs' claims

require little factual development (if any), hinge substantially on novel legal theories, and should be dismissed based solely on legal determinations. Fact discovery will not impact the Court's decision on Defendants' Motion to Dismiss.

### B. Staying Discovery Will Not Substantially Prejudice Plaintiffs.

Plaintiffs' argument that a stay will prolong their "very real and ongoing harm" also does not entitle them to the relief that they seek. *See* Doc. 27 at 6. Defendants are not currently seeking an extension of the discovery deadline of June 1, 2019. Rather, Defendants' request is limited— Defendants are only seeking a stay pending resolution of the Motion to Dismiss. No trial, discovery, or other substantive deadlines are impacted at this time. Plaintiffs' claim that the timing of the Court's ruling on the Motion to Stay could impact other case deadlines is pure speculation at this time and does not constitute prejudice.

Further, the Southern District of Ohio has explained that the stage of the litigation and the nature of the pending motion should be considered when determining whether discovery should be stayed pending resolution of a dispositive motion. *See Victoria's Secret Stores Brand Mgmt., Inc. v. Bob's Stores LLC*, No. 2:13-CV-1261, 2014 U.S. Dist. LEXIS 34503, 2014 WL 1045994, at *2-3 (S.D. Ohio Mar. 17, 2014). In *Victoria's Secret*, the defendant moved to dismiss for lack of personal jurisdiction and to stay all discovery pending resolution of its motion soon after the parties filed their Rule 26(f) Report. *Id.* at *2. The court granted the defendant's motion to stay as to merits discovery finding that the fact that the defendant had filed its motion in the "very early stages of litigation" weighed in favor of staying merits discovery. *Id.* at *2-3. In considering the potential burden that staying merits discovery would have on the plaintiff, the court found that any burden would be slight because the stay in merits discovery would be relatively short. *Id.* at *3. The court thus concluded that the factors weighed in favor of a stay in merits discovery. *Id.*

4

Plaintiffs' argue that the timing of the motion to stay somehow warrants denying the motion.  But the cases cited by Plaintiffs contradict that conclusion as the motions to stay in those instances were filed long after the preliminary pretrial conferences and well into the case schedule. *See DSM Desotech, Inc. v. Momentive Specialty Chems., Inc.*, No. 2:15-cv-70, 2015 U.S. Dist. LEXIS 158632 (S.D. Ohio Nov. 24, 2015) (denying a motion to stay where it was requested four months after the preliminary pretrial conference and where the magistrate recommended denying the motion to dismiss); *United States ex rel. Am. Sys. Consulting, Inc.*, No. 2:08-CV-733, 2011 U.S. Dist. LEXIS 47632 (S.D. Ohio May 2, 2011) (denying a motion to stay that was requested after the case had already been pending for over two and a half years).

As in *Victoria's Secret*, Defendants have requested a stay of discovery very early in the litigation.  Indeed, pursuant to this Court's August 2, 2018 Order, Defendants have not even exchanged initial disclosures.  Moreover, Defendants are only seeking a stay until the Court determines whether Plaintiffs' legal claims will go forward.  The fact that Defendants requested this limited stay early in the litigation weighs in favor of granting the stay and against prejudice.

**C.  Societal Interests Weigh in Favor of Staying Discovery.**

Finally, granting a stay of discovery pending the Defendants' Motion to Dismiss serves the interest of judicial economy and prevents the spending of public funds unnecessarily.  *See, e.g.*, *Calhoun v. Botos*, No. 5:08-CV-10051, 2008 U.S. Dist. LEXIS 48083, at *7 (E.D. Mich. June 23, 2008) (granting a stay of discovery where compelling the defendants to respond to the plaintiff's discovery requests before adjudication of the pending dispositive motion would have resulted in the "unnecessary use of public funds and public employee time").

Plaintiffs assert that "party resources are no more at stake here than in any other action." *See* Doc. 27 at 5.  That is not true.  When a party is a government entity, as is obviously the case

5

here, the expenditure of public funds should be considered when deciding procedural issues. *See, e.g.*, *State v. Huffman*, 9th Dist. Summit No. 15401, 1992 Ohio App. LEXIS 2914, *3 (June 3, 1992) (finding that public policy favors joinder to conserve public funds and judicial economy); *State v. Jones*, 8th Dist. Cuyahoga No. 50867, 1987 Ohio App. LEXIS 6847, *7-8 (Feb. 12, 1987) (same). The "party resources" at stake in the present litigation are taxpayer, public funds. If Defendants' Motion to Dismiss is granted, then any discovery conducted in the interim would have been unnecessary and a waste of taxpayer dollars. While Defendants are not minimizing the resources of private litigants, they are charged with safeguarding public resources and taxpayer funds. As such, Plaintiffs' assertion that "party resources are at no more stake here than in any other action" should be rejected and does not justify denial of the Motion.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully submit that their Motion to Stay Discovery should be granted. This Court should stay discovery until Defendants' Motion to Dismiss (Doc. 18) is resolved. Such stay order should apply to all pending discovery requests, as well as the initial disclosures under Rule 26(a).

Dated: August 24, 2018                Respectfully submitted,

*/s/ Kimberly Moses*
KIMBERLY MOSES (0029601)
ALBERT J. LUCAS (0007676)
JASON J. BLAKE (0087692)
CALFEE, HALTER & GRISWOLD LLP
1200 Huntington Center
41 S. High Street
Columbus, Ohio 43215
Telephone: (614) 621-1500
Fax: (614) 621-0100
kmoses@calfee.com
alucas@calfee.com
jblake@calfee.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ *Kimberly Moses*
One of the Attorneys for Defendants

4811-3474-0080, v. 5