# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**STACIE RAY**, *et al.*,

    Plaintiffs,

v.

**DIRECTOR, OHIO
DEPARTMENT OF HEALTH,** *et al.*,

    Defendant.

Civil Action 2:18-cv-272
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Stay Discovery (ECF No. 21) pending the Court's ruling on Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 18). For the reasons that follow, the Court **DENIES** Defendants' Motion to Stay Discovery (ECF No. 21.)

### I.

On March 29, 2018, Plaintiffs, Stacie Ray, Basil Argento, Ashley Breda, and Jane Doe (collectively "Plaintiffs"), filed this action against Defendants, Lance Himes, in his official capacity as Director of the Ohio Department of Health; Karen Sorrell, in her official capacity as Chief of the Office of Vital Statistics; and Judith Nagy, in her official capacity as State Registrar of the Office of Vital Statistics (collectively "Defendants"). (ECF No. 1.) Plaintiffs are transgender individuals who seek to change their Ohio birth certificates to reflect their gender identity. Plaintiffs allege that they attempted to change the gender marker on their birth certificates, but the State of Ohio (the "State") categorically refuses to correct transgender

individuals' birth certificates to match their gender identity. (*Id.*, at ¶ 41.) Plaintiffs assert that Defendants violated their constitutional rights by enforcing the State's policy and bring claims under the Equal Protection Clause, Due Process Clause, and First Amendment to the United States Constitution.

On July 6, 2018, Defendants moved to dismiss the Complaint for failure to state a claim. (ECF No. 18.) Defendants filed a Motion to Stay Discovery pending the Court's ruling on their Motion to Dismiss (ECF No. 21), as well as an Emergency Motion for Interim Stay pending a ruling on the Motion to Stay Discovery (ECF No. 22). The Court granted Defendants' Emergency Motion for Interim Stay. (ECF No. 26.)

In their Motion to Stay Discovery, Defendants assert that a stay is warranted because a ruling on the Motion to Dismiss will determine which—if any—of Plaintiffs' claims will survive. (ECF No. 21, at p. 1.) They contend that until their Motion to Dismiss is resolved, "discovery would be premature and a needless expenditure of limited resources." (*Id.* at p. 3.) Defendants further contend that Plaintiffs would not be prejudiced by a stay of discovery because the Motion to Dismiss is based on purely legal issues, no risk of spoliation or deterioration of evidence exists due to Defendants' status as representatives of the Ohio Department of Health, and the litigation is in its early stages. Plaintiffs oppose a stay of discovery, contending that Defendants' pending Motion to Dismiss does not justify a stay and that further delay will cause harm to Plaintiffs and the public. (ECF No. 27.)

Defendants' Motion to Dismiss is also fully briefed, with both Defendants and Plaintiffs setting forth substantial arguments. (ECF Nos. 18, 23, and 28.)

## II.

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *see also Peters*, 2014 WL 6687146, at *3.

**III.**

Applying the above principles to this matter, the Court concludes that Defendants have failed to show good cause for a stay of discovery.

Neither the pendency of Defendants' Motion to Dismiss nor their assessment of the merits of their Motion to Dismiss is persuasive. As set forth above, the existence of a "garden-variety" motion to dismiss is generally insufficient to justify a stay discovery. *See, e.g.*, *Williams*, 2010 WL 3522397, at *1-2. Defendants' insistence that their Motion to Dismiss is meritorious is likewise insufficient where, as here, the Court cannot conclude that Plaintiffs' claims are frivolous or that it is highly likely that Defendants' Motion to Dismiss will be granted. *See Dummen NA, Inc. v. Proven Winners N. Am. LLC*, No. 2:16-CV-00709, 2017 WL 4868201, at *1-2 (S.D. Ohio May 3, 2017) (citations omitted) (explaining that it is "unpersuasive for a party to rely on the strength of the motion to dismiss in moving for a motion to stay, unless the complaint is clearly frivolous," and that the Court is "not inclined to grant a stay based on one party's view of the strength of its Motion to Dismiss"); *see also Ohio Bell Telephone,* 2008 WL 641252, at *2 (denying a motion to stay discovery where the jurisdictional issues raised in the dispositive motion were "fairly debatable," but noting that it might be persuaded to grant a stay of discovery if the issues were "clear-cut" such that "the likelihood of a jurisdictional dismissal were high"); *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-CV-01041, 2011 WL 1326280, at *4 (S.D. Ohio Apr. 5, 2011) (denying a motion to stay discovery after concluding that the parties' contentions were not frivolous). Significantly, Defendants acknowledge the possibility of one or more of Plaintiffs' claims surviving the Motion to Dismiss. (Defs.' Mot. to Stay, ECF

5

No. 21 at p. 3 ("It is also possible that one or more claims survive the Motion . . . .").)  Under such circumstances, Defendants have not demonstrated good cause for a stay of discovery.

Although not dispositive, the Court also notes that Defendants' conclusory contentions regarding the expense of discovery are insufficient to outweigh the potential prejudice to Plaintiffs from further delay.  *See*, *e.g.*, *Flagstar Bank, FSB*, 2011 WL 1326280, at *5 (denying a motion to stay discovery where the "the City ma[de] no effort to detail the specific burdens it will face from discovery . . . nor d[id] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court").

## IV.

For the reasons set forth above, Defendants' Motion to Stay Discovery is **DENIED**. (ECF No. 21.)

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE