## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| STACIE RAY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO.:  2:18-cv-00272-MHW-CMV |
| | ) | |
| vs. | ) |  JUDGE MICHAEL WATSON |
| | ) | |
| AMY ACTON, et al. | ) | **DEFENDANTS' ANSWER** |
| | ) | |
| Defendants. | ) | *Jury Demand Endorsed Hereon* |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

For their Answer to Plaintiffs' Complaint in the above-captioned matter, Defendants Amy Acton, in her official capacity as Director of the Ohio Department of Health, Karen Sorrell, in her official capacity as Chief of the Office of Vital Statistics, and Judith Nagy, in her official capacity as State Registrar of the Office of Vital Statistics (collectively "Defendants"), state as follows:

### NATURE OF ACTION

1.      Defendants admit that this action purports to be brought by four transgender people who seek to amend the gender marker on their Ohio birth certificates, but deny the remaining allegations set forth in paragraph 1 of the Complaint.

2.      Defendants admit that birth certificates may from time to time be used by people in order to obtain other personal identity documents, but deny the remaining allegations set forth in paragraph 2 of the Complaint.

3.      Defendants admit that the State of Ohio makes every effort to provide people born in the state with accurate birth certificates, but deny the remaining allegations set forth in

1

paragraph 3 of the Complaint.

4.        Defendants admit that the Defendants comply with the Ohio Revised Code with regard to the correction of information on Ohio-issued birth certificates, but deny the remaining allegations set forth in paragraph 4 of the Complaint.

5.        Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.        Defendants deny the allegations set forth in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.        In response to the allegations set forth in paragraph 7 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over this matter.

8.        In response to the allegations set forth in paragraph 8 of the Complaint Defendants admit that venue in this Court is proper.

9.        In response to the allegations set forth in paragraph 9 of the Complaint Defendants generally admit that this Court has authority to enter declaratory and injunctive relief.  Defendants deny that this case presents proper grounds for this Court to exercise such authority.

10.        Defendants admit that the Court has personal jurisdiction over each of them, but deny the remaining allegations set forth in paragraph 10 of the Complaint.

## PARTIES

11.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12.        Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 13 of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15.     Defendants admit the allegations set forth in paragraph 15 of the Complaint.

16.     Defendants admit the allegations set forth in paragraph 16 of the Complaint.

17.     Defendants admit the allegations set forth in paragraph 17 of the Complaint.

## FACTUAL ALLEGATIONS

18.     Defendants admit that gender identify is a term that is used to refer to a person's internal sense of gender, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the Complaint.

19.     Upon information and belief, Defendants admit the allegations set forth in paragraph 19 of the Complaint.

20.     Defendants deny that Ohio birth certificates contain a "gender marker" as alleged in paragraph 20 of the Complaint.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint.

21.     Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

4844-6182-6983, v.1

25.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Complaint.

28.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30.      Defendants are without knowledge or information sufficient to form a belief as to the truthy of the allegations set forth in paragraph 30 of the Complaint.

31.      Defendants admit that a birth certificate is an official record reflecting certain information pertaining to a person's birth, including but not limited to the name, birthplace, and sex of an individual and the identity of that person's parents, but deny the remaining allegations set forth in paragraph 31 of the Complaint.

32.      Defendants admit that birth certificates are official government-issued documents and that the State of Ohio routinely provides copies of birth certificates to individuals who request them, but they deny the remaining allegations set forth in paragraph 32 of the Complaint.

33.      Upon information and belief, Defendants admit the allegations set forth in paragraph 33 of the Complaint.

34.      Defendants admit that Ohio has a substantial interest in the accuracy of birth certificates.   Defendants deny the remaining allegations set forth in paragraph 34 of the

4

Complaint.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants admit that the Ohio Department of Health and the Ohio Office of Vital Statistics exercise responsibility for issuing and correcting Ohio birth certificates and that they do so in accordance with the Ohio Revised Code.  Defendants deny that Ohio birth certificates contain a "gender marker."  Defendants deny the remaining allegations set forth in paragraph 41 of the Complaint.

42.     Defendants admit that the State of Ohio has issued letters indicating that, pursuant to the Ohio Revised Code, it cannot change the "gender marker" on an Ohio birth certificate, but they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     Defendants admit that the State of Ohio will and does correct Ohio birth certificates to the extent allowed under the Ohio Revised Code, which does not include amending a "gender marker" for any individual, but deny the remaining allegations set forth in

5

paragraph 44 of the Complaint.

45.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.     Defendants admit that the Ohio Department of Health and the Ohio Office of Vital Statistics comply with the Ohio Revised Code with regard to corrections to Ohio birth certificates, but they deny the remaining allegations set forth in paragraph 47 of the Complaint.

48.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Complaint.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Complaint.

56.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 56 of the Complaint.

57.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 57 of the Complaint.

58.        Defendants admit that Ms. Ray objects to Ohio's birth certificate correction laws,

but deny the remaining allegations set forth in paragraph 58 of the Complaint.

59.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 59 of the Complaint.

60.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 60 of the Complaint.

61.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 61 of the Complaint.

62.        Defendants deny the allegations set forth in paragraph 62 of the Complaint.

63.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 63 of the Complaint.

64.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 64 of the Complaint.

65.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 65 of the Complaint.

66.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 66 of the Complaint.

67.        Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations set forth in paragraph 67 of the Complaint.

68.        Defendants are without knowledge or information sufficient to form a belief as to

4844-6182-6983, v.1

the truth of the allegations set forth in paragraph 68 of the Complaint.

69.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Complaint.

70.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Complaint.

72.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 of the Complaint.

74.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Complaint.

75.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Complaint.

76.         Defendants admit that Mr. Argento objects to Ohio's birth certificate correction laws, but deny the remaining allegations set forth in paragraph 76 of the Complaint.

77.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Complaint.

78.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Complaint.

79.         Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Complaint.

4844-6182-6983, v.1

80.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Complaint.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Complaint.

82.     Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Complaint.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the Complaint.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Complaint.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Complaint.

88.     Defendants admit that Dr. Doe objects to Ohio's birth certification correction laws, but deny the remaining allegations set forth in paragraph 88 of the Complaint.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 89 of the Complaint.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Complaint.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Complaint.

4844-6182-6983, v.1

92.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Complaint.

93.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Complaint.

94.     Defendants deny the allegations set forth in paragraph 94 of the Complaint.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the Complaint.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Complaint.

97.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Complaint.

98.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Complaint.

99.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Complaint.

100.    Defendants admit that Ms. Breda objects to Ohio's birth certificate correction laws, but they deny the remaining allegations.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Complaint.

**CAUSES OF ACTION PURSUANT TO 42 U.S.C. § 1983**

**FIRST CAUSE OF ACTION**
**Equal Protection Violation**

102.    In response to paragraph 102 of the Complaint, Defendants incorporate by

10

reference paragraphs 1 through 101 of this Answer as if fully restated.

103.     In response to paragraph 103 of the Complaint, Defendants state that the Fourteenth Amendment of the U.S. Constitution speaks for itself and therefore neither an admission nor a denial of this paragraph is warranted.

104.     Defendants deny the allegations set forth in paragraph 104 of the Complaint.

105.     Defendants deny the allegations set forth in paragraph 105 of the Complaint.

106.     Defendants deny the allegations set forth in paragraph 106 of the Complaint, including all subparts of paragraph 106.

107.     Defendants deny the allegations set forth in paragraph 107 of the Complaint.

108.     Defendants deny the allegations set forth in paragraph 108 of the Complaint.

109.     Defendants deny the allegations set forth in paragraph 109 of the Complaint.

110.     Defendants deny the allegations set forth in paragraph 110 of the Complaint.

111.     Defendants deny the allegations set forth in paragraph 111 of the Complaint.

112.     Defendants deny the allegations set forth in paragraph 112 of the Complaint.

113.     Defendants deny the allegations set forth in paragraph 113 of the Complaint and specifically deny that Plaintiffs are entitled to the relief that they seek.

**SECOND CAUSE OF ACTION**
**Due Process Violation**

114.     In response to paragraph 114 of the Complaint, Defendants incorporate by reference paragraphs 1 through 113 of this Answer as if fully restated.

115.     In response to paragraph 115 of the Complaint, Defendants state that the Fourteenth Amendment of the U.S. Constitution speaks for itself and therefore neither an admission nor a denial of this paragraph is warranted.

116.     Defendants admit that the Due Process Clause of the Fourteenth Amendment,

4844-6182-6983, v.1

gives rise to a personal right of privacy, but they deny the remaining allegations set forth in paragraph 116 of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Complaint.

118.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Complaint.

119.    Defendants deny the allegations set forth in paragraph 119 of the Complaint.

120.    Defendants deny the allegations set forth in paragraph 120 of the Complaint.

121.    Defendants deny the allegations set forth in paragraph 121 of the Complaint.

122.    Defendants deny the allegations set forth in paragraph 122 of the Complaint.

123.    Defendants deny the allegations set forth in paragraph 123 of the Complaint and specifically deny that Plaintiffs are entitled to the relief that they seek.

## THIRD CAUSE OF ACTION
### First Amendment Violation

124.    In response to paragraph 124 of the Complaint, Defendants incorporate by reference paragraphs 1 through 123 of this Answer as if fully restated.

125.    In response to paragraph 125 of the Complaint, Defendants state that the First Amendment of the U.S. Constitution speaks for itself and therefore neither an admission nor a denial of this paragraph is warranted.

126.    In response to paragraph 126 of the Complaint, Defendants state that the First Amendment to the U.S. Constitution speaks for itself and therefore neither an admission nor a denial of this paragraph is warranted.

127.    Defendants deny the allegations set forth in paragraph 127 of the Complaint

128.    Defendants deny the allegations set forth in paragraph 128 of the Complaint.

4844-6182-6983, v.1

129. Defendants deny the allegations set forth in paragraph 129 of the Complaint.

130. Defendants deny the allegations set forth in paragraph 130 of the Complaint and specifically deny that Plaintiffs are entitled to the relief they seek.

131. Defendants specifically deny each and every allegation set forth in the Complaint that they have not specifically admitted in this Answer.

132. Defendants specifically deny each and every element of Plaintiffs' Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims fail in whole or in part because Ohio Rev. Code §§ 3705.15 and 3705.22 expressly allow Defendants conduct and do not violate Plaintiffs' rights under the United States Constitution. Duly adopted provisions of Ohio statute may not be set aside without warrant in law.

2. Plaintiffs' Complaint fails to state a claim in whole or in part upon which relief can be granted.

3. Plaintiffs' harm or injuries, if any, were caused by intervening or superseding causes over which Defendants had no control and no right of control.

4. Plaintiffs' Complaint fails in whole or in part because the provisions of the Ohio Revised Code relating to the creation, maintenance and correction of birth certificates are narrowly tailored and protect substantial and legitimate interests of the State of Ohio.

5. Plaintiffs' Complaint fails in whole or in part by Plaintiffs' failure to exhaust administrative and internal remedies available under state law.

6. Plaintiffs' Complaint fails in whole or in part because some or all of Plaintiffs' claims are not ripe.

4844-6182-6983, v.1

7.  Plaintiffs' Complaint fails in whole or in part because Plaintiffs' claims are not justiciable.

8.  Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to join all necessary parties.

9.  Plaintiffs' claims are barred in whole or in part because neither Ohio law nor any policies associated with Ohio birth certificates compel Plaintiffs to disclose, express, or endorse any speech, viewpoint, or message.

10. Plaintiffs' claims are barred in whole or in part because Plaintiffs are unable to meet the legal requirements for the entry of declaratory and injunctive relief.

11. Defendants reserve the right to add defenses, including affirmative defenses, as may be discovered during the course of this proceeding.

4844-6182-6983, v.1

WHEREFORE, Defendant respectfully requests that the Court dismiss the Plaintiffs

claims with prejudice, each party to bear its own costs.


Dated: September 26, 2019                          Respectfully submitted,


                                        */s/ Albert J. Lucas*
                                        ALBERT J. LUCAS (0007676)
                                        JASON J. BLAKE (0087692)
                                        CALFEE, HALTER & GRISWOLD LLP
                                        1200 Huntington Center
                                        41 S. High Street
                                        Columbus, Ohio 43215
                                        Telephone: (614) 621-1500
                                        Email:  alucas@calfee.com
                                                jblake@calfee.com

                                        *Attorneys for Defendants*

4844-6182-6983, v.1

## JURY DEMAND

Defendants request a trial by jury on all claims that are so triable.

Respectfully submitted,


*/s/ Albert J. Lucas*
ALBERT J. LUCAS (0007676)
JASON J. BLAKE (0087692)
CALFEE, HALTER & GRISWOLD LLP
The Calfee Building
1405 East 6th Street
Cleveland, Ohio 44114
Telephone:  (216) 622-8200
Facsimile:  (216) 241-0816
Email:  alucas@calfee.com
           jblake@calfee.com

*Attorneys for Defendants*

16

4844-6182-6983, v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2019, a copy of the foregoing Answer was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

/s/ Albert J. Lucas
One of the Attorneys for Defendants

17