UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| STACIE RAY, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>AMY ACTON, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-00272<br><br>Judge: Michael Watson<br><br>Magistrate Judge: Chelsey Vascura |

**PLAINTIFFS' UNOPPOSED MOTION TO FILE PORTIONS OF
CERTAIN TRANSCRIPTS AND MOTIONS UNDER SEAL**

Pursuant to the Court's Order, ECF No. 53, and to Local Rule 5.2.1(a) and Fed. R. Civ. P. 5.2(d) and (e), Plaintiffs respectfully move the Court to seal limited portions of each Plaintiff's deposition transcript. Plaintiffs request narrow redactions to the publically-filed transcripts. Disclosure of the information Plaintiffs seek to seal would put their privacy and safety at risk, and the public interest in that particular information is minor.

Background & Specific Relief Sought

The crux of Plaintiffs' lawsuit is that they are harmed when they are required to disclose their status as transgender people to others. As transgender people, Plaintiffs are members of a stigmatized group at uniquely high risk of experiencing discrimination, harassment, and even physical violence due solely to their gender identities. As this Court observed, "[c]ourts across the United States have explicitly acknowledged the general hostility and violence affecting the transgender population for at least the last decade." Order Denying Motion to Dismiss, ECF No. 47 at 15-16 (collecting cases). The disclosure of such deeply personal information is itself traumatic.

1

Ironically, Plaintiffs cannot petition this Court to protect their constitutional right to privacy as recognized by *Kallstrom v City of Columbus*, 136 F.3d 1055 (6th Cir. 1998) and *Bloch v Ribar*, 156 F.3d 673 (6th Cir. 1998) without disclosing certain intimate facts about their transgender status on the Court's public docket. Plaintiffs entered into a Protective Order in discovery (ECF No. 34) based on their well-founded fears that public disclosure of personal identifying information, as well as private information about their bodies and medical histories, puts them at significant risk of physical and emotional harm.

Now, at summary judgment, it is likely that both parties will cite to the Plaintiffs' deposition transcripts, and therefore each Plaintiff's entire transcript must be filed on the public docket. Some of the deposition material is highly personal, immaterial to the litigation, and of limited public interest. Plaintiffs seek to redact from public view the following limited and immaterial portions of their deposition transcripts: 1) personal identifying information such as private email addresses and home addresses of themselves and third-party family members and friends; and 2) private medical information such as discussion of the Plaintiffs' genitals, chromosomes, and medical care they have received or are receiving related to their transgender status.

Because the information Plaintiffs seek to redact is largely irrelevant to the dispute, Plaintiffs believe it is unlikely that either party will ultimately need to cite to the redacted portions of these transcripts in briefing. But in an abundance of caution, Plaintiffs also request that to the extent any briefing does cite sealed material, the Court also allow that briefing to be redacted on the public docket.

Both parties agree that the information that Plaintiffs seek to be redacted is confidential. *See* Joint Protective Order, ECF No. 34, and Joint Motion, ECF No. 52. The parties have now conferred regarding this Motion and counsel for Defendants does not oppose it.

Law & Argument

Fed. R. Civ. P. 5.2(d) and (e) allow this Court to provide protection for private information in court filings by allowing redactions in addition to those mandated by Rule 5.2(a). According to the Rule Advisory Committee, these protections are available, for good cause, because "[i]t may also be necessary to protect information not covered by the redaction requirement…in a particular case." Fed. R. Civ. P. 5.2 Advisory Committee's Notes (2007). Personal identifying information and other sensitive, private information, including confidential medical information, is the type of information that Courts recognize good cause to redact under Rule 5.2(d) and (e). *See, e.g. United States v. Harris,* 890 F.3d 480, 491-2 (4th Cir. 2018) (ordering limited redaction of "private and personal details" about criminal defendant and his family; finding "an interest in protecting the physical and psychological well-being of individuals related to the litigation…may justify restricting access" to public filings). And this Court has frequently allowed for narrow, thoughtful redactions to sensitive information as an approach to a motion to seal. *See, e.g., Peloe v. University of Cincinnati,* No. 1:14-cv-404, 2014 WL 5448868 at *1-2 (S.D. Ohio Oct. 23, 2014) (ordering partial redaction of Plaintiffs' sensitive identifying information); *In re Ohio Execution Protocol Litigation,* No. 2:11-cv-1016, 2017 WL 2262560 at *1-4 (S.D. Ohio May 24, 2017). Here, Plaintiffs' proposed narrow redactions would allow the public to view every part of the deposition transcripts that is material to the case. The only information Plaintiffs seek to seal is that which contains identifying information, and invasive questioning about their bodies and their medical histories.

Moreover, the Plaintiffs' privacy interests here seriously outweigh the public interest in accessing such limited, personal information unrelated to the central dispute in the case. As this Court and other Courts have recognized, "the excruciatingly private and intimate nature of transsexualism, for persons who wish to preserve privacy in the matter, is really beyond debate." Order, ECF No. 47 at 23, citing *Powell v. Schriver,* 175 F.3d 108, 111 (2d Cir. 1999); *see also K.L. v. State*, No. 3AN-11-05431 CI, 2012 WL 2685183, at *6 (Alaska Super. Ct. Mar. 12, 2012)*; Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015). "[T]ranssexualism is the unusual condition that is likely to provoke both an intense desire to preserve one's medical confidentiality, as well as hostility and intolerance from others." *Powell*, 175 F.3d at 111. Revealing explicit personal information about their bodies and their medical treatment related to their transgender status would invade the Plaintiffs' privacy and put them at risk of harm. Especially given that the redactions sought are narrow here, on balance, this is the unique instance where Plaintiffs' "interests of privacy outweigh the public's right to know." *In re Knoxville News-Sentinel Co.,* 723 F.2d 470, 474 (6th Cir. 1983).

A proposed order is attached to this Motion.

Dated January 9, 2020                                              Respectfully Submitted,

*/s/ Elizabeth Bonham*

| | |
|---|---|
| Gabriel Arkles* (New York Bar No. 4391918) | Elizabeth Bonham (0093733) |
| American Civil Liberties Union Foundation | Freda Levenson (0045916) |
| 125 Broad St. | Susan Becker (0010205) |
| New York, NY 10004 | ACLU of Ohio |
| Phone: (212) 549-2569 | 4506 Chester Ave. |
| Facsimile: (212) 549-2650 | Cleveland, OH 44103 |
| Email: garkles@aclu.org | Phone: (614) 469-3200 |
| | Facsimile: (614) 469-3361 |
| Kara Ingelhart* (Illinois Bar No. 6321949) | Email: flevenson@acluohio.org |
| Lambda Legal Defense and Education Fund | Email: sbecker@acluohio.org |
| 105 W. Adams St., 26th Fl. | Email: ebonham@acluohio.org |
| Chicago, IL 60603 | |
| Phone: (312) 663-4413 | David Carey (0088787) |

4

Facsimile: (312) 663-4307
Email: kingelhart@lambdalegal.org

Peter C. Renn* (California Bar No. 247633)
Lambda Legal Defense and Education Fund
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010
Phone: (213) 382-7600
Facsimile: (213) 351-6050
Email: prenn@lambdalegal.org

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice*

ACLU of Ohio Foundation
1108 City Park Avenue
Columbus, OH 43206
Phone: 614-586-1969
Facsimile: 614-586-1974
Email: dcarey@acluohio.org

John Knight* (Illinois Bar No. 6201433)
American Civil Liberties Union of Illinois
180 N. Michigan Ave., Suite 2300
Chicago, IL 60601
Phone: (312) 201-9740
Facsimile: (312) 288-5225
Email: jknight@aclu-il.org

## CERTIFICATE OF SERVICE

I certify that on January 9, 2020, I filed the foregoing electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/ Elizabeth Bonham*
> Elizabeth Bonham (0093733)
> Attorney for Plaintiffs