UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STACIE RAY**, *et al.*,

      **Plaintiffs,**

  v.                                  **Civil Action 2:18-cv-272**
                                            **Judge Michael H. Watson**
**DIRECTOR, OHIO DEPARTMENT OF**        **Magistrate Judge Chelsey M. Vascura**
**HEALTH**, *et al.*,

      **Defendants.**

## ORDER

      This matter is before the Court on Plaintiffs' Motion for Designation and Removal from ECF of Highly Sensitive Documents. (ECF No. 84.) In their Motion, Plaintiffs assert that certain documents, presently filed under seal, should be designated as highly sensitive documents. (Mot. 1–2, ECF No. 84.) Plaintiffs represent that these documents contain "explicit personal information about their bodies and their medical treatment related to their transgender status," and assert that, if this information were to become public, it would "invade Plaintiff's privacy and put them at risk of harm." (*Id.* at 1.)

      In response to the recent disclosure of wide-spread breaches of government computer systems, General Order 21–01 provides that some documents may be deemed "highly sensitive documents" ("HSDs"), and may be filed outside the Court's electronic filing system. (General Order 21–01 at 1.) The order goes on to explain that applications for search warrants, electronic surveillance under 18 U.S.C. § 2518, a pen register or trap and trace device under 18 U.S.C.

§ 3122, and a Court Order under 18 U.S.C. §2703(d) are *per se* HSDs.  (*Id.* at 2.)  The General Order further provides:

> The following types of documents generally are not considered HSDs, but may be designated by the Court as HSDs based on the specific circumstances of a given case: (1) presentence reports; (2) pretrial release reports; (3) pleadings related to cooperation in most criminal cases; (4) social security records; (5) administrative immigration records; and (6) sealed filings in civil matters.

(*Id.*)

The Court finds that the circumstances of this case do not warrant the currently sealed filings be designated as HSDs.  The list of documents that may be deemed HSDs contains types of documents that, if made public, could create a risk of physical or financial harm to the subjects of the documents, or that could jeopardize ongoing criminal investigations.  Although Plaintiffs offer a conclusory statement that the release of the currently sealed documents would "put them at risk of harm," the Court finds that Plaintiffs have not shown that these documents fit within the definition of HSDs as described by General Order 21–01.  Accordingly, Plaintiff's Motion for Designation and Removal from ECF of Highly Sensitive Documents (ECF No. 84) is **DENIED**.

    **IT IS SO ORDERED.**

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE