# Exhibit E

**UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **STACIE RAY, et al.** <br><br> Plaintiffs, <br><br> v. <br><br> **STEPHANIE MCCLOUD, Director, Ohio Department Health, et al.,** <br><br> Defendants. | Case No.: 2:18-cv-00272-MHW-CMV <br><br> Judge: Michael Watson <br><br> Magistrate Judge: Chelsey Vascura |

**DECLARATION OF ELIZABETH BONHAM**
Pursuant to 28 U.S.C. 1746

I, Elizabeth Bonham, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am above the age of 18, I am competent to testify, and I have personal knowledge of the matters contained in this declaration.

2. I am a Staff Attorney at the ACLU of Ohio Foundation (ACLU of Ohio), and I represent Plaintiffs in this litigation.

3. The ACLU of Ohio is a statewide non-profit organization that relies upon the contributions of its members and supporters, and in part upon attorney fees incurred in litigation, to fund its operations.

4. I am licensed to practice law in Ohio and I have been licensed continuously since November, 2015.

5. I am also admitted in the United States District Court for the Northern and Southern Districts of Ohio, and in the Sixth Circuit Court of Appeals.

6. I have been with the ACLU of Ohio for my entire career, beginning as a law student, then as an attorney, and then as a full-time staff attorney.

7. I have accumulated experience working on complex constitutional and other federal civil rights litigation similar to the work I performed in this lawsuit.

8. My resume detailing my professional qualifications is attached to this declaration as Exhibit E-1.

9. Along with my co-counsel Kara Ingelhart, I performed the majority of the attorney work in this litigation. Ms. Ingelhart and I have the lowest billing rates of all of the members of our counsel groups originally assigned to this case.

10. Ms. Ingelhart and I, and the rest of our team, also exercised judgment in staffing the case with other attorneys. We relied on our colleagues who are experienced supervisors and subject matter experts for review and consultation in our work. We relied on our colleagues from Thompson Hine for discovery support and the litigation experience they contributed as private attorneys. We relied on our paralegals and legal assistants where we were able to for support.

11. My hours expended working on this case are attached to this Declaration as Exhibit E-2.

12. The time expended and costs incurred have been reasonable, and the records submitted are an accurate reflection of the time I expended in this case. I have documented my time in six-minute increments.

13. I exercised billing judgment to prepare these time records. For example, I did not list time for many small tasks or for any tasks that did not take at least six minutes to complete.

14. I also did not list my time for tasks that ultimately did not contribute to the result of this litigation. This includes my time supervising law student work on the case, and time spent researching approaches to use in the litigation that we did not ultimately pursue.

15. The reasonable hourly rate for my work is $250.

16. I am using a fair market rate for my time, as an attorney in this region with approximately five years' experience who practices in this subject matter field. I believe this rate reflects my level of skill and experience and that it is comparable to similar attorneys in the Columbus area. These conclusions are based in part on the guidance published by the Ohio State Bar Association, attached to the fee petition in this case as Exhibit A.

17. The lodestar figure for my work on this case, determined by multiplying my reasonable hours expended by my reasonable rate, is 612.6*250 = **$153,150**.

18. In addition to preparing and submitting my own materials in support of Plaintiffs' fee petition, I performed and oversaw the research and drafting for this fee petition, and supervised the collection and review of the materials in support.

19. My office carefully reviewed all of the fees and costs incurred in this case to ensure their accuracy to the best of our knowledge and belief. Then, we made cuts to the fees and costs sought in the petition, as an exercise of billing judgment.

20. For example, we cut from the attorney and paralegal time records: any time that represented purely clerical tasks, any incomplete or confusing time entries,

and any time that was not spent exclusively on legal work in service of the end result of the case. We also cut all time spent prior to serving the complaint on the Defendants, despite intensive pre-litigation investigation and researching and drafting the complaint and the associated motion to file anonymously on behalf of one of our clients. Finally, we cut all time spent after the final order in this case except for my time and my colleague Tess Sabo's time that we spent on this fee petition.

21. In addition, we cut from our offices' records of non-time costs: all of Thompson Hine's out-of-pocket expenses, all office and technology overhead expenses from all counsel groups, and all non-flight travel expenses including mileage, lodging, and meals. These cuts largely applied to out-of-town depositions.

Executed on: 2/1/2021

By: /s/*Elizabeth Bonham*
Elizabeth Bonham (0093733)
ACLU of Ohio
4506 Chester Ave.
Cleveland, OH 44103
Email: ebonham@acluohio.org
Attorney for Plaintiffs

6