# Exhibit N

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STACIE RAY, et al._<br><br>Plaintiffs,<br><br>v.<br><br>STEPHANIE MCCLOUD, Director, Ohio Department Health, et al.,<br><br>Defendants. | Case No.: 2:18-cv-00272-MHW-CMV<br><br>Judge: Michael Watson<br>Magistrate Judge: Chelsey Vascura |

**SECOND DECLARATION OF TESS SABO**
Pursuant to 28 U.S.C. 1746

I, Tess Sabo, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am above the age of 18, I am competent to testify, and I have personal knowledge of the matters contained in this declaration.

2. I am a Paralegal with the American Civil Liberties Union of Ohio Foundation ("ACLU Ohio") and assisted attorneys to Plaintiffs in this litigation.

3. At the instruction of Plaintiffs' counsel, I collected records of the costs incurred in prosecution of this case. I worked with the attorneys from each counsel group to review the total costs incurred.

4. At the attorneys' direction, I assisted in cutting down the actual costs incurred to prepare records of the more limited costs Plaintiffs are seeking to recover in their fee petition.

5. From Thompson Hine, Plaintiffs determined not to seek any of the costs expended, as an exercise of billing judgment. Thompson Hine assisted pro bono on the case.

1

6. From American Civil Liberties Union Foundation, Inc. ("ACLU") I received a true and correct summary of their costs incurred in this litigation, generated using financial record systems maintained by the organization, and attached as Exhibit N1. I helped the attorneys to review this and ultimately limit which costs are sought in the fee petition.

7. From Lambda Legal Defense and Education Fund ("Lambda Legal") I received a true and correct summary of their costs incurred in this litigation, generated using financial record systems maintained by the organization, attached as Exhibit N2. I helped the attorneys to review this and ultimately limit which costs are sought in the fee petition.

8. From ACLU Ohio accounting staff I received a true and correct summary of our costs incurred in this litigation, generated using financial record systems maintained by the organization, attached as Exhibit N3. I helped the attorneys to review this and ultimately limit which costs are sought in the fee petition.

9. In exercising billing judgment, Plaintiffs' counsel chose to omit all ordinary and incidental expenses such as fees for office overhead, research databases, software, meals, lodging, and non-air travel.

10. Plaintiffs do seek costs expended on court reporting deposition services, expert witness fees, major travel expenses including air travel, and filing fees associated with the case.

11. Regarding expert witness costs, pursuant to agreement, each party remitted the cost of the other party's expert. Therefore Plaintiffs expended, and now seek, the costs they paid to Defendants' expert, Quentin Van Meter. Plaintiffs only seek costs for which they did not already bill Defendants.

12. Additional supporting documentation can be provided if necessary.

13. A summary of costs for which Plaintiffs seek recovery is attached as Exhibit N4.

Dated: February 1, 2021

By: /s/ Tess Sabo
Tess Sabo
ACLU of Ohio Foundation
1108 City Park Ave., Ste. 203
Columbus, OH 43206
Phone: 614-586-1972 x2013
Fax: 614-586-1974
tsabo@acluohio.org